IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOSHUA HULON,
Inmate No. 135982
     Plaintiff,

vs.                        Case No.: 3:16cv474/LAC/EMT

DOZIER SCHOOL FOR BOYS, et al.,
     Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's civil rights complaint filed under 42 U.S.C. § 1983 (ECF No. 1). Plaintiff was granted leave to proceed in forma pauperis (ECF No. 5).

Because Plaintiff is proceeding in forma pauperis, the court may dismiss this case if satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The language in this subsection "tracks the language of Federal Rule of Civil Procedure 12(b)(6)," and thus dismissals for failure to state a claim are governed by the same standard as Rule 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). The allegations of the complaint are taken as true and are construed in the light most favorable to

Plaintiff.  Davis v. Monroe County Bd. of Educ., 120 F.3d 1390, 1393 (11th Cir. 1997).  To survive § 1915(e)(2)(B)(ii), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quotation and citation omitted).  A claim is plausible on its face where "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. (citation omitted).  Plausibility means "more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  Id. (quotation and citation omitted).   Finally, in civil rights cases, more than "mere conclusory notice pleading" is required, and a complaint is subject to dismissal "as insufficient where the allegations it contains are vague and conclusory." Gonzalez v. Reno, 325 F.3d 1228, 1235 (11th Cir. 2003) (quotation and citation omitted).  Upon review of the complaint, the court concludes that facts set forth by Plaintiff fail to state a claim for relief that is plausible on its face.  Dismissal of this action is therefore warranted.

Currently an inmate at Okaloosa Correctional Institution, Plaintiff alleges that in July of 2006, while in placement at the Dozier School for Boys, he was beaten, placed in physical restraints, placed into confinement for three days where he was ordered to stay in one spot, sit on his hands, and not to speak under threat of further physical abuse (ECF No. 1 at 6). Plaintiff also alleges that food was "restricted" from him during this time, though "most of the time" an empty tray was placed in front of him (*id.*). Plaintiff thereby claims a violation of his rights under the cruel and unusual punishments clause of the Eighth Amendment, and as relief he seeks monetary damages (*id.*).

Plaintiff's claims are subject to dismissal because of the passing of the four-year statute of limitations. "Claims brought pursuant to 42 U.S.C. § 1983 are subject to the statute of limitations period governing personal injury actions in the state where the action is brought." Wellons v. Comm'r, Ga. Dep't of Corr., 754 F.3d 1260, 1263 (11th Cir. 2014) (citation omitted); *see* Owens v. Okure, 488 U.S. 235, 249–50 (1989) ("We accordingly hold that where state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions"). In Florida, "[t]he applicable statute of limitations in a § 1983 lawsuit is the four-year Florida state statute of

limitations for personal injuries." <u>Omar v. Lindsey</u>, 334 F.3d 1246, 1251 (11th Cir. 2003) (per curiam) (citations omitted); *see also* <u>Van Poyck v. McCollum</u>, 646 F.3d 865, 867 (11th Cir. 2011); <u>Ellison v. Lester</u>, 275 F. App'x 900, 901 (11th Cir. 2008).

Although the length of the statute of limitations is resolved by reference to state law, the accrual date of a § 1983 action is governed by federal law. <u>Wallace v. Kato</u>, 549 U.S. 384, 388, 127 S. Ct. 1091, 1095, 166 L. Ed. 2d 973 (2007). Under federal law, the limitations period begins to run when the plaintiff knows or has reason to know "(1) that [he] ha[s] suffered the injury that forms the basis of [his] complaint and (2) who has inflicted the injury." <u>Chappell v. Rich</u>, 340 F.3d 1279, 1283 (11th Cir.2003); <u>Brown v. Ga. Bd. of Pardons & Paroles</u>, 335 F.3d 1259, 1261 (11th Cir.2003) (holding that the limitations period begins to run "from the date the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights").

Since Plaintiff was aware of the factual basis for his claims during 2006, the statute of limitations expired on his claims several years ago. Plaintiff appears to recognize this, as he identifies reasons for his delay in bringing this lawsuit. Primarily, Plaintiff explains that he was sixteen years of age when he experienced the abuse complained of, and that he "has been in fear of telling the events that took place

at Dozier School for Boys due to threats made by the officers involved, saying that if anyone found out 'you will not be the only one to suffer'" (ECF No. 1 at 5).  Plaintiff therefore asks that the statute of limitations be tolled on this basis, apparently for the entire duration between the incident and the filing of this lawsuit.

Equitable tolling of a statute of limitations is an extraordinary remedy which is applied only in exceptional situations.  *See* Plaintiff B v. Francis, 2009 WL 10674048, at *2 (N.D. Fla. Nov. 19, 2009) (citing Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2005)).  Equitable tolling is generally only available in situations that are both beyond the plaintiff's control and unavoidable even with the exercise of due diligence. *See* Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir.2006); Lawrence v. Fla., 421 F.3d 1221, 1226 (11th Cir. 2005).  Mental or emotional incapacity must be shown to have affected one's ability to file suit.  Lewis v. Broward Cty. Sch. Bd., 489 F. App'x 297, 298–99 (11th Cir. 2012).  Neither a plaintiff's status as a pro se litigant nor his ignorance of the law are grounds for equitable tolling.  *See* Robinson v. Schafer, 305 F. App'x 629, 630 (11th Cir. 2008).

While the court appreciates that the alleged incidents would have had an emotional effect on Plaintiff, he provides only a conclusory statement that the Defendant officers have continued to act in a threatening manner toward him, or

otherwise how he would experience that threat onward to the present day.  Nor is there

any indication as to how Defendants could carry out any threat, given that Plaintiff has

long since left the Dozier School and is now incarcerated at a wholly different

institution.  *See* <u>Arce</u>, 434 F.3d at 1264–65 (applying equitable tolling under

particularized limitations provisions of Torture Victim Protection Act and Alien Tort

Claims Act, where Salvadorian refugee plaintiffs were subjected to legitimate fear of

reprisals from the Salvadoran military which was intent on maintaining its control at

any cost, until the civil war in El Salvador had ended and the defendants were within

the jurisdiction of the United States courts).  Thus, Plaintiff's situation is not so

extraordinary as to warrant the exceptional remedy of equitable tolling.  Therefore,

because it is facially clear that Plaintiff's claims are beyond the statute of limitations,

and because under the facts of this case equitable tolling should not be applied, the

complaint is subject to dismissal.

Accordingly, it respectfully **RECOMMENDED**:

That the complaint be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii)

for failure to state a claim upon which relief may be granted.

At Pensacola, Florida, this <u>9</u><sup>th</sup> day of April 2018.


<u>/s/ *Elizabeth M. Timothy*</u>
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**


## <u>NOTICE TO THE PARTIES</u>

Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.   If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No.: 3:16cv474/LAC/EMT